IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PUREWORKS, INC. | ) |
| | ) |
| v. | ) NO. 3-10-0846 |
| | ) JUDGE CAMPBELL |
| UNIQUE SOFTWARE | ) |
| SOLUTIONS, INC. | ) |

MEMORANDUM

Pending before the Court are Defendant's Application for Order Confirming Arbitration Award (Docket No. 36), Plaintiff's Motion to Vacate Arbitration Award (Docket No. 42) and Plaintiff's Motion for Oral Argument (Docket No. 44). This case is reopened for the purposes of ruling on these Motions.

Plaintiff's Motion for Oral Argument (Docket No. 44) is DENIED. The Court does not find that oral argument is necessary in this case.

For the reasons stated herein, Defendant's Application for Order Confirming Arbitration Award (Docket No. 36) is GRANTED, and Plaintiff's Motion to Vacate Arbitration Award (Docket No. 42) is DENIED.

FACTS

This contract dispute was originally filed in 2010. The parties entered into an Asset Purchase Agreement whereby Defendant agreed to sell and Plaintiff agreed to buy the business known as Unique Software Solutions. The Asset Purchase Agreement included an arbitration provision which was at issue in this case. The Court granted Defendant's Motion to Stay Proceeding Pending

Arbitration and concluded that Sections 1.3[1] and 1.5[2] of the parties' Asset Purchase Agreement included both accounting and operational disputes that affect the amount of the Earn-Out, because both are disputes regarding the Earn-Out Report. Docket No. 25.[3] Therefore, the Court concluded, both accounting and operational disputes concerning the Earn-Out Report were arbitrable.

The parties have now participated in arbitration and are before the Court on Defendant's Motion to Confirm the Arbitration Award and Plaintiff's Motion to Vacate the Arbitration Award.

STANDARD OF REVIEW

It is well-established that courts should play only a limited role in reviewing the decisions of arbitrators. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000). If the parties in their agreement have agreed that a judgment of a court shall be entered upon the arbitration award, as they have here, then the Court must grant such an Order unless the award is vacated, modified, or corrected pursuant to the law. 9 U.S.C. § 9. The Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed. *Id.*; *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). When courts are called on to review an arbitrator's decision, the review is very narrow, one of the narrowest standards of judicial review in all of American jurisprudence. *Id.*

An arbitration award may be vacated (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the

---

[1] Section 1.3(c)(v) provides: "With respect to the process for finalizing the Earn-Out Report and resolving disputes regarding the Earn-Out Report, the parties agree that each shall have the rights, and each shall follow the procedures, set forth in Section 1.5 (b), (c) and (d)."

[2] Section 1.5 (c) provides that the parties shall arbitrate, and the decision of the arbitrator "shall be final and binding upon the parties," and a judgment by a court of competent jurisdiction may be entered in accordance therewith.

[3] The Court also denied Plaintiff's Motion for Reconsideration of its Order (Docket No. 31).

arbitrator was guilty of misconduct in refusing to postpone the hearing or refusing to hear evidence or any other misbehavior by which the rights of the parties have been prejudiced; or (4) where the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10. In construing an arbitration agreement under the Federal Arbitration Act, the Court must resolve any doubts in favor of arbitration. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

Plaintiff argues that there are two reasons to vacate the arbitrator's decision in this case. The first is that there was no valid agreement to arbitrate breach of contract or breach of the covenant of good faith and fair dealing claims. This Court has already ruled on this issue (Docket No. 25) and nothing in the arbitrator's decision or the Plaintiff's recent filings changes that result. The Court affirms its prior holding that disputes concerning the Earn-Out Report, both accounting disputes and operational disputes, are included within Sections 1.3 and 1.5 of the parties' Agreement and subject to arbitration.

Secondly, Plaintiff argues that the arbitrator exceeded his powers by taking actions not authorized by the Asset Purchase Agreement at issue herein. To the extent that this argument is the same as the first - whether the Agreement authorized arbitration of these disputes - it fails for the same reasons.

So long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, even if a court is convinced that he committed serious error, that does not suffice to overturn his decision. *Nationwide*, 429 F.3d at 643. Thus, a federal court may vacate an arbitration award only in very limited circumstances. *Id*.

3

The Court finds that the arbitrator did not exceed his powers by conducting a reasonable procedure for resolving this dispute or by deciding the issues he decided. Under the narrow standards cited above, Plaintiff has failed to carry its burden of demonstrating a reason to vacate this arbitration award.

## CONCLUSION

For these reasons, Defendant's Application for Order Confirming Arbitration Award (Docket No. 36) id GRANTED, and the arbitration award (Docket No. 36-1) is AFFIRMED. Plaintiff's Motion to Vacate Arbitration Award (Docket No. 42) is DENIED, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE